IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JOHN BURCH,
    Plaintiff

v.         CIVIL ACTION NO. AW-13-cv-1516

MARYLAND CORRECTIONAL ENTERPRISES
MICHAEL HOOKS, MCE SHOP #109
    Defendant

\*\*\*\*\*\*

## **MEMORANDUM**

Plaintiff brings this self- represented action against Maryland Correctional Enterprises and Michael Hooks. ECF No. 1. Plaintiff appears to be indigent and shall be granted leave to proceed in forma pauperis. Upon review of the complaint, the Court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Plaintiff alleges that Michael Hooks "wrongfully dismissed [him] from his job at Maryland Correctional Enterprises without due process of law, and without sufficient reason to do so." ECF No. 1. In the caption of the complaint he indicates that he seeks to hold Maryland Correctional Enterprises liable for his wrongful termination under a theory of *respondeat superior*. *Id*.

To show a civil rights violation with respect to a prison job assignment Plaintiff would have to show that the actions taken against him impacted on the exercise of a constitutionally protected right. Prisoners, however, do not have a constitutionally protected right to work while

incarcerated, or to remain in a particular job once assigned. *See Awalt v. Whalen*, 809 F. Supp. 414, 416-17 (E.D. Va. 1992); *Altizer v. Paderick*, 569 F. 2d 812, 815 (4th Cir. 1978). Removing a prisoner from a job simply does not rise to the level of cruel and unusual punishment prohibited by the Eight Amendment. *See Williams v. Meese*, 926 F.2d 994, 998 (10th Cir. 1991).

Moreover, the doctrine of *respondeat superior,* does not apply in §1983 claims. *See Love-Lane v. Martin*, 355 F. 3d 766, 782 (4th Cir. 2004) (no respondeat superior liability under §1983); *see also Trulock v. Freeh*, 275 F. 3d 391, 402 (4th Cir. 2001) (no respondeat superior liability in a *Bivens* suit).

A separate Order shall be entered reflecting the ruling set forth herein.


June 4, 2013  /s/
　　　　　　　　　　　　　　　　　　Alexander Williams, Jr.
　　　　　　　　　　　　　　　　　　United States District Judge